1   **SEYFARTH SHAW LLP**
    ERIC R. MCDONOUGH (State Bar No. 193256)
2   ROBERT B. MILLIGAN (State Bar No. 217348)
    ERIK B. VON ZEIPEL (State Bar Bo. 223956)
3   2029 Century Park East, 35th Floor
    Los Angeles, California 90067
4   Telephone:  (310) 277-7200
    Facsimile:  (310) 201-5219
5   e-mail:    emcdonough@seyfarth.com
               rmilligan@seyfarth.com
6               evonzeipel@seyfarth.com

7   MICHAEL J. BURNS (State Bar No. 172614)
    560 Mission Street, Suite 3100
8   San Francisco, California 94105
    Telephone: (415) 397-2823
9   Facsimile: (415) 397-8549
    e-mail:    mburns@seyfarth.com

10  Attorneys for all Defendants

11

12                **THE UNITED STATES DISTRICT COURT**

13            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14  Black Donuts, Inc, a California          Case No. 2:10-CV-00454-SVW-SS
    corporation; Jan W. Talbot, an individual;
15  Jeff Magna, an individual; T & T Pasadena,   **DUANE FRESHNOCK, CRAIG**
    Inc., a California corporation; T & T        **MCDONALD, BILL**
16  Thousand Oaks, Inc., a California            **KETCHUM, ART BEAHM,**
    corporation; T & T Glendora, Inc., a         **MARVIN HAYES, AND GREG**
17  California corporation; Tareq Nasrallah, an  **ROQUET'S NOTICE OF**
    individual; Tony Nasrallah, an individual;   **MOTION AND MOTION TO**
18  G & G 2000, Inc., a California corporation;   **DISMISS; MEMORANDUM OF**
    Jerry Riccio, an individual; Greg Minshell,  **POINTS AND AUTHORITIES**
19  an individual; Manzano, Inc., a California
    corporation; Kevin Raach, an individual;    Date:  March 1, 2010
20  Chula Vista Tire, Inc., a California         Time:  1:30 p.m.
    corporation; Jeff Yasukochi, an individual;
21  Big Red Tire, Inc., a California            Honorable Stephen V. Wilson
    corporation; James Park, an individual;     Courtroom 6
22  Felix Bros., Inc., a business entity
    unknown; Felix Tires, Inc., a California    Complaint filed:  December 2,
23  corporation; Ralph Felix, an individual;    2009
    Randy Scott, an individual; MDS
24  Enterprises, Inc., a California corporation;  Trial Date:    Not yet assigned
    Michael J. Sullivan, an individual;
25  Kennedy, Phillips & Gunnell Enterprises
    No. 66, a California corporation; Paul
26  Fuller, an individual; Gene Renner, an
    individual; and Rex Weissenbach, an
27  individual,

28              Plaintiffs,
            v.

LA1 6924220.10 / 68780-000002

1    Sumitomo Corporation of America, a New
     York corporation; Big O Tires, Inc., a
2    Nevada Limited Liability Company; TBC
     Corporation, a Florida corporation;
3    Dwayne Freshknock, an individual; Craig
     McDonald, an individual; Bill Ketchum, an
4    individual; Art Beam, an individual;
     Marvin Hayes, an individual; Greg
5    Rocquet, an individual; and Does 1-100,

6            Defendants.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE** that on March 1, 2010 at 1:30 p.m., or as soon thereafter as the parties may be heard, in Courtroom 6 of the above-entitled court, located at 312 N. Spring Street, Los Angeles, California 90012, defendants Duane Freshnock, Craig McDonald, Bill Ketchum, Art Beahm, Marvin Hayes, and Greg Roquet ("Individual Defendants") will and hereby do move the Court for an order dismissing each of Plaintiffs' claims for relief asserted against the Individual Defendants for failure to state a claim upon which relief may be granted under Federal Rules of Civil Procedure 12(b)(6) and 8(a), and, alternatively, for an order dismissing Plaintiffs' fifth claim for failure to plead with particularity under Federal Rule of Civil Procedure 9 (b).

This Motion is based on this Notice of Motion and Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, and upon such other and further oral and written materials as may be presented at or before the hearing on this matter.  This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 22, 2010.

DATED:  January 28, 2010   **SEYFARTH SHAW LLP**
            ERIC R. MCDONOUGH


            By_____/s/ Eric R. McDonough_____
              Eric R. McDonough
            Attorneys for all Defendants

i

# **TABLE OF CONTENTS**

I.  INTRODUCTION ...................................................................................... 1

II.  STATEMENT OF FACTS ......................................................................... 1

    A.  Parties And Claims ........................................................................... 1

    B.  The Individual Defendants Are Not Parties To The Franchise
        Agreements ......................................................................................... 2

    C.  The Complaint Barely References The Individual Defendants
        Or Apprize Them Of Their Alleged Wrongful Conduct ..................... 2

III.  LEGAL STANDARD .............................................................................. 3

IV.  ARGUMENT ............................................................................................ 4

    A.  Plaintiffs Do Not Charge The Individual Defendants With
        Breach Of Contract, Breach Of The Implied Covenant, Or
        Interference With Prospective Business Relations, Nor Can
        Plaintiffs Assert Their Declaratory Relief Claim Against The
        Individual Defendants ........................................................................ 4

    B.  Each Of Plaintiffs' Remaining Claims Against The Individual
        Defendants Should Be Dismissed  For Failure To Specify The
        Basis For Each Individual Defendant's Liability ................................ 4

    C.  Plaintiffs' Fraud Claim Should Be Dismissed .................................. 7

        1.  Plaintiffs' Fail To Plead Adequately Under Rule 9(b) .............. 7

        2.  Plaintiffs Fail To Properly Allege *Scienter* Under Rule
            8(a) ............................................................................................ 9

        3.  Under The Agent Immunity Rule The Individual
            Defendants Cannot Be Liable For Conspiring To Commit
            Fraud With Their Employer ..................................................... 10

        4.  Sullivan's Fraud Claim Against Roquet Would Be Time-
            Barred ...................................................................................... 11

        5.  Sullivan's Fraud Claim Against Roquet Would Fail
            Under The Parol Evidence Rule ............................................... 12

    D.  Plaintiffs' Negligent Misrepresentation Claim Should Be
        Dismissed ......................................................................................... 14

        1.  Plaintiffs Fail To Properly Plead The Claim ........................... 15

        2.  Plaintiffs Fail To Plead Intent To Induce Reliance ................. 15

        3.  Plaintiffs Cannot Premise Negligent Misrepresentation
            On Omissions Or Future Promises .......................................... 15

i

E.   Plaintiffs' Unfair Practices Act Claim Should Be Dismissed............15

    1.   Plaintiffs' Claim Is Implausible.................................16

    2.   Plaintiffs Fail To Plead An Element Of Their Claim..............16

F.   Plaintiffs' Claim For Negligent Hiring Should Be Dismissed..........17

    1.   The Individual Defendants Are Not Employers......................17

    2.   Plaintiffs Fail To Properly Plead Their Claim.........................17

G.   Plaintiffs' Cartwright Act Claim Should Be Dismissed....................17

    1.   Defendants Cannot Form A "Trust" Under The Cartwright Act As A Matter Of Law.........................................17

H.   Plaintiffs' Unfair Competition Law Claim Should Be Dismissed......18

    1.   Plaintiffs Lack Standing To Bring Their UCL Claim..............18

    2.   Plaintiffs Improperly Plead Their UCL Claim.........................19

V.   CONCLUSION...........................................................................22

# <u>TABLE OF AUTHORITIES</u>

### Federal Cases

*Aaron v. Aguirre*,
   2007 WL 959083 (S.D. Cal. Mar. 8, 2007)...............................................5

*Ahearn v. City of Palos Verdes*,
   2008 WL 1330461 (C.D. Cal. Apr. 9, 2008) ...........................................3

*Ashcroft v. Iqbal*,
   -- U.S. --, 129 S.Ct. 1937 (2009) ...........................3, 5, 9, 10, 14, 17, 18

*Augustin v. Danvers Bank*,
   486 F.Supp.2d 99 (D. Mass. 2007) ..........................................................6

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) ...................................................................3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).........................................3, 5, 10, 14, 17, 18

*Cabral v. County of Glenn*,
   624 F.Supp.2d 1184 (E.D. Cal. 2009) ..............................................16, 17

*Cataulin v. Washington Mut. Bank, SFB*,
   2009 WL 648921 (S.D. Cal. Mar. 09, 2009)........................................5, 6

*Cooper v. Pickett*,
   137 F.3d 616 (9th Cir.1997) ....................................................................9

*Foley v. Bates*,
   2007 WL 1430096 (N.D. Cal. May 14, 2007).........................................5

*Freeman v. Bee Mach. Co.*,
   319 U.S. 448 (1943).................................................................................3

*Gauvin v. Trombatore*,
   682 F.Supp. 1067 (N.D. Cal. 1988)..........................................................5

*Hanni v. Am. Airlines, Inc.*,
   2008 WL 5000237 (N.D. Cal. Nov. 1, 2008) .........................................11

*Heighley v. J.C. Penney Life Ins. Co.*,
   257 F.Supp.2d 1241 (C.D. Cal. 2003)....................................................21

iii

*Icasiano v. Allstate Ins. Co.,*
    103 F. Supp.2d 1187 (N.D. Cal. 2000)............................................................10, 15, 18

*Levine v. Diamanthuset, Inc.,*
    722 F.Supp. 579 (N.D. Cal. 1990).........................................................................19

*McFarland v. Memorex Corp.,*
    493 F.Supp. 631 (N.D. Cal. 1980)...........................................................................7

*Miscellaneous Serv. Workers, Drivers, & Helpers, Teamsters Local #427 v.*
    *Philco-Ford Corp.,*
    661 F.2d 776 (9th Cir. 1981) ....................................................................................7

*Moore v. Kayport Package Exp., Inc.,*
    *885 F.2d 531 (9th Cir. 1989)* ...................................................................................7

*Neubronner v. Milken,*
    6 F.3d 666 (9th Cir. 1993) ........................................................................................9

*Nevijel v. North Coast Life Ins. Co.,*
    651 F.2d 671 (9th Cir. 1981) .....................................................................................3

*Oestreicher v. Alienware Corp.,*
    544 F.Supp.2d 964 (N.D. Cal. 2008)........................................................................9

*PLS-Pacific Laser Systems v. TLZ Inc.,*
    2007 WL 2022020 (N.D. Cal. Jul. 9, 2007) ............................................................5

*Rachford v. Air Line Pilots Association,*
    2006 WL 1699578 (N.D. Cal. June 16, 2007).......................................10, 15, 18

*Rasidescu v. Midland Credit Mgt., Inc.,*
    435 F.Supp.2d 1090 (S.D. Cal. 2006) ..................................................................5, 7

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.,*
    983 F.Supp. 1303 (N.D. Cal. 1997).......................................................................19

*Smith v. Allstate Ins. Co.,*
    160 F.Supp.2d 1150 (S.D. Cal. 2001) .....................................................................7

*Spiegler v. Home Depot U.S.A., Inc.,*
    552 F. Supp. 2d 1036 (C.D. Cal. 2008)..................................................................20

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007) ................................................................................7, 9

iv

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ................................................................3, 7

*Wajda v. R.J. Reynolds Tobacco Co.*,
    103 F.Supp.2d 29 (D. Mass. 2000) .............................................................3

*Walker v. USAA Cas. Ins. Co.*,
    474 F.Supp.2d 1168 (E.D. Cal. 2007) ........................................................18

*Washington v. Baenzinger*,
    673 F.Supp. 1478 (N.D. Cal. 1987) ............................................................7

*Weisbuch v. County of Los Angeles*,
    119 F.3d 778 (9th Cir. 1997) ......................................................................3

*Yourish v. California Amplifier*,
    191 F.3d 893 (9th Cir. 1999) ......................................................................7

### State Cases

*Aetna Casualty & Surety Co. v. Richmond*,
    76 Cal.App.3d 645 (1977) ..........................................................................14

*Aguilar v. Atlantic Richfield Co.*,
    25 Cal.4th 826 (2001) .................................................................................19

*Alling v. Universal Manufacturing Corp.*,
    5 Cal.App.4th 1412 (1992) .........................................................................12

*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*,
    131 Cal.App.4th 802 (2005) .......................................................................10

*Berryman v. Merit Property Management, Inc.*,
    152 Cal.App.4th 1544 (2007) .....................................................................21

*Black v. Bank of America*,
    30 Cal.App.4th 1 (1995) .............................................................................10

*BMW of North America, Inc. v. New Motor Vehicle Board*,
    162 Cal.App.3d 980 (1984) ........................................................................12

*Bondi v. Jewels by Edwar, Ltd.*,
    267 Cal.App.2d 672 (1968) ........................................................................17

v

*Buckland v. Threshold Enterprises, Ltd.*,
   155 Cal.App.4th 798 (2007) ................................................................... 18

*Byrum v. Brand*,
   219 Cal.App.3d 926 (1990) .................................................................... 15

*Casa Herrera, Inc. v. Beydoun*,
   32 Cal.4th 336 (2004) ............................................................................ 12

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
   20 Cal. 4th 163 (1999) ........................................................................... 20

*Consumer Advocacy Group, Inc. v. Kintetsu Enterprises of America*,
   150 Cal.App.4th 953 (2007) ................................................................... 18

*Dean Witter Reynolds, Inc. v. Sup. Ct.*,
   211 Cal.App.3d 758 (1989) .................................................................... 21

*Green v. Del-Camp Inv.*
   193 Cal.App.2d 479 (1961) .................................................................... 13

*Hackenthal v. National Casualty Co.*,
   189 Cal.App.3d 1102 (1987) .................................................................. 14

*Hadland v. NN Investors Life Ins. Co., Inc.*,
   24 Cal.App.4th 1578 (1994) ................................................................... 14

*Khoury v. Maly's of California*,
   14 Cal.App.4th 612 (1993) ..................................................................... 19

*Korea Supply Co. v. Lockheed Martin Corp.*,,
   29 Cal.4th at 1144 .................................................................................. 21

*Mintz v. Blue Cross of California*
   172 Cal.App.4th 1594 (2009) ................................................................. 10

*Pacific State Bank v. Greene*,
   110 Cal.App.4th 375 (2003) ................................................................... 12

*Shamsian v. Atlantic Richfield Co.*,
   107 Cal.App.4th 967 (2003) ................................................................... 15

*Tahoe National Bank v. Phillips*,
   4 Cal.3d 11 (1971) ................................................................................. 12

vi

*Tarmann v. State Farm Mut. Auto. Ins. Co.,*
   2 Cal.App.4th 153 (1991) .................................................................. 15

*Van Ness v. Blue Cross of Cal.,*
   87 Cal.App.4th 364 (2001) ................................................................ 21

*Wang v. Massey Chevrolet,*
   97 Cal.App.4th 856 (2002) ................................................................ 13

*Whiteside v. Tenet Healthcare Corp.,*
   101 Cal.App.4th 693 (2002) .............................................................. 21

**Statutes**

Cal. Bus. & Prof. Code § 16700 ............................................................. 2

Cal. Bus. & Prof. Code § 16702 ........................................................... 17

Cal. Bus. & Prof. Code § 16720 ........................................................... 17

Cal. Bus. & Prof. Code § 16726 ........................................................... 17

Cal. Bus. & Prof. Code § 17045 ...................................................... 2, 16

Cal. Bus. & Prof. Code § 17200 ............................................................. 2

Cal. Bus. & Prof. Code § 17203 ........................................................... 18

Cal. Bus. & Prof. Code § 17204 ........................................................... 18

Cal. Civ. Code § 1625 ................................................................... 11, 12

Cal. Code of Civ. Pro. § 338 ................................................................ 11

Cal. Code of Civ. Pro. § 1856(a) .......................................................... 12

Cal. Rule of Court 2.112 ...................................................................... 22

**Rules**

Fed. R. Civ. Pro. 8(a) ........................................... 3, 4, 5, 6, 8, 15, 16, 19

Fed. R. Civ. Pro.  9(b) ............................................................ 3, 6, 7, 9

Fed. R. Civ. Pro. 12(b)(6) ..................................................................... 3

Fed. R. Civ. Pro. 12(e) ....................................................................... 21

LA1 6924220.10 / 68780-000002

1

**Other Authorities**

2

Jud. Coun. Of Cal. Civ. Jury Instr. 1903. ................................................................14

3

4

13 Witkin, SUMMARY 10TH (2009) EQUITY, § 3 .....................................................21

5

5 Witkin, CAL. PROC. 4TH (2009) PLEAD., § 822 ....................................................21

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Plaintiffs comprise twenty-nine individuals or corporate entities who own and operate Big O Tire franchises throughout California.  They sue three corporate entities, six individuals, and 100 doe defendants.  This motion is brought on behalf of the six individuals named in the complaint.[1]

Plaintiffs' complaint is deficient, and each claim should be dismissed.  The complaint is entirely vague as to which plaintiff asserts which claim against which defendant.  The complaint barely mentions the six defendants sued individually, much less alleges any actionable wrongdoing on their part.  The complaint fails to meet the pleading standards of the Federal Rules of Civil Procedure.  Moreover, Plaintiffs' claims cannot be maintained as a matter of law against the Individual Defendants.

## II.    STATEMENT OF FACTS

### A.    Parties And Claims

Big O Tires, LLC ("Big O") is a retail tire franchisor with more than 450 independently-owned and operated locations in twenty states.  Plaintiffs consist of twenty-nine individuals or corporate entities who own and operate Big O franchises. (Compl. ¶¶1-24.)

Plaintiffs sue Big O, Sumitomo Corporation of America ("Sumitomo"), and TBC Corporation ("TBC").  TBC is alleged to have wholly owned Big O.  (*Id.* ¶26.)  Sumitomo is alleged to have acquired TBC in 2005.  (*Id.* ¶27.)  Plaintiffs also sue six individuals:   Duane Freshnock, Craig McDonald, Bill Ketchum, Art Beahm, Marvin Hayes, and Greg Roquet. ("Individual Defendants")[2]   The Individual Defendants are alleged to be current or former employees of Big O.  (*Id.* ¶29.)

---

[1] Because of differences between the respective defendants, this motion is filed concurrently with two other motions filed on Defendants' behalf.

[2] The complaint and caption misspells the names of defendants Freshnock, Beahm and Roquet.   Further, as indicated in Defendants' Notice of Removal, the Individual Defendants were fraudulently joined in this action.

Plaintiffs assert ten claims against Defendants for: (1) declaratory relief, (2) breach of written contract, (3) breach of implied covenant of good faith and fair dealing, (4) interference with prospective business relations, (5) fraud, (6) negligent misrepresentation, (7) violation of California's Unfair Practices Act – California Business & Professions Code section 17045 *et seq*. ("UPA"), (8) negligent hiring, (9) violation of California's Cartwright Act – California Business & Professions Code section 16700 *et seq*., and (10) violation of California's Unfair Competition Law – California Business & Professions Code section 17200, *et seq*. ("UCL").

**B.      The Individual Defendants Are Not Parties To The Franchise Agreements**

Plaintiffs "entered into franchise agreements at various times with Defendant Big O." (Compl. ¶36).   The Individual Defendants are not parties to the franchise agreements, and Plaintiffs do not allege that they entered into the franchise agreements with the Individual Defendants.

**C.      The Complaint Barely References The Individual Defendants Or Apprize Them Of Their Alleged Wrongful Conduct**

Plaintiffs' complaint barely references the Individual Defendants.   For example, Freshnock is identified as a party and referenced three other times in the complaint.  (Compl. ¶¶29, 86, 94, 109.)  McDonald, Roquet and Hayes are each identified as parties and are mentioned just two other times in the complaint. (Compl. ¶¶ 29, 86, 105(b), 109, 113, 114.)

Plaintiffs also fail to articulate any cogent theory of liability on the part of the Individual Defendants.   Certain statements and conduct are ascribed to the Individual Defendants, but Plaintiffs never clarify what conduct is actually the basis for the claims against the Individual Defendants.   Furthermore, certain Individual Defendants are plainly not alleged to have engaged in any wrongdoing. For example, Beahm is only alleged to have been present during a meeting. (Compl. ¶¶29, 106.)  Ketchum is referenced twice in the pleading, and is only alleged to have participated in a meeting where he allegedly stated certain

2

discounts were not retroactive.  (Compl. ¶¶29, 106.)

## III.   LEGAL STANDARD

Under Rule 12(b)(6), the Court may grant a motion to dismiss a complaint or claim where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  The Court also can dismiss a claim where the plaintiff cannot prevail on the facts alleged in the complaint. *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n. 1 (9th Cir. 1997). Further, a complaint that fails to plead claims in compliance with Federal Rule of Civil Procedure 8(a) may be dismissed. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981); *Ahearn v. City of Palos Verdes*, 2008 WL 1330461, *12 (C.D. Cal. Apr. 9, 2008).  Fraud claims that are not pled in conformity with Federal Rule of Civil Procedure 9(b) can also be dismissed.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

In order to survive dismissal, a plaintiff must proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff must plead facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009)  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint... has not 'show[n]'-'that the pleader is entitled to relief.'"  *Id*. at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)).

These pleading requirements apply to cases removed from state court. *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 452 (1943); *Wajda v. R.J. Reynolds Tobacco Co.*, 103 F.Supp.2d 29, 32 (D. Mass. 2000) ("Even in cases removed from state court, the adequacy of pleadings is measured by the federal rules").

LA1 6924220.10 / 68780-000002

## IV.   ARGUMENT

### A.   Plaintiffs Do Not Charge The Individual Defendants With Breach Of Contract, Breach Of The Implied Covenant, Or Interference With Prospective Business Relations, Nor Can Plaintiffs Assert Their Declaratory Relief Claim Against The Individual Defendants

Plaintiffs largely plead their allegations collectively against "defendants." This pleading tactic is not permitted under Federal Rule 8(a), as discussed below. Notwithstanding this defect, it is clear that Plaintiffs **do not** assert claims against the Individual Defendants for:  (1) breach of written contract (*see* Compl. ¶172 (alleging claim only against Big O); (2) breach of the implied covenant of good faith and fair dealing (*see* Compl. ¶177 (alleging claim only against Big O); and (3) interference with prospective business relations (*see* Compl. ¶181 (alleging claim only against Big O).)[3]

Further, though Plaintiffs assert their claim for declaratory relief collectively against "defendants," Plaintiffs seek a declaration related solely to the terms of the franchise agreements between them and Big O.  (Compl. ¶¶162-170.)   As the Individual Defendants are not parties to the franchise agreements, Plaintiffs have apparently not asserted the claim against the Individual Defendants.  Nor would there be a justiciable controversy between Plaintiffs and the Individual Defendants concerning the terms of an agreement to which the latter is not a party.  To the extent the declaratory relief claim has been asserted against the Individual Defendants, they join in Big O's motion to dismiss that claim.

### B.   Each Of Plaintiffs' Remaining Claims Against The Individual Defendants Should Be Dismissed  For Failure To Specify The Basis For Each Individual Defendant's Liability

Each of Plaintiffs' remaining claims against the Individual Defendants should be dismissed because Plaintiffs have not stated the grounds for each Individual Defendant's liability.

---

[3] For their interference claim, Plaintiffs use the term "defendants" in their request for punitive damages.  (Compl. ¶184.)  To the extent this can be construed as an assertion of the entire claim against the Individual Defendants, the Individual Defendants join in Big O's motion to dismiss that claim.

4

Rule 8(a) requires a plaintiff to make a "showing [it] is entitled to relief" against the defendant. Fed. R. Civ. Pro. 8(a)(2).  Consequently, in cases involving multiple defendants, the plaintiff must plead facts showing an entitlement to relief against *each* defendant to satisfy Rule 8(a).  *See, e.g., Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)"); *Cataulin v. Washington Mut. Bank, SFB*, 2009 WL 648921, *2 (S.D. Cal. Mar. 09, 2009) ("Where a plaintiff sues multiple defendants and sets forth multiple causes of action, he must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)") (citation omitted).

A pleading that does not differentiate among multiple defendants is deficient.  *See, e.g., Aaron v. Aguirre*, 2007 WL 959083, *16 and n.6 (S.D. Cal. Mar. 8, 2007) (noting "undifferentiated pleading against multiple defendants is improper" and ruling allegations that grouped multiple defendants together did not state claim for interference with contractual relations);  *PLS-Pacific Laser Systems v. TLZ Inc.*, 2007 WL 2022020, *10-11 (N.D. Cal. Jul. 9, 2007) (in patent infringement action, allegations that grouped multiple defendants together did not "give each named defendant sufficient notice of the particular claims and grounds for the claims against them" and thus did not satisfy Rule 8(a)(2)).[4]  Rather, "[s]pecific identification of the parties to the activities alleged is required." *Cataulin*, 2009 WL 648921 at *2 (citation omitted)).  This is so even if many of

---

[4] Even under the more lenient standard predating *Twombly* and *Iqbal*, a plaintiff was required to allege facts showing entitlement to relief against each defendant. *See, e.g.  Rasidescu v. Midland Credit Mgt., Inc.*, 435 F.Supp.2d 1090, 1098-99 (S.D. Cal. 2006) ("every complaint must, at a minimum, give fair notice and state the elements of each claim against each defendant"); *Foley v. Bates*, 2007 WL 1430096, *3 (N.D. Cal. May 14, 2007) ("As an initial matter, the court finds that the complaint must be dismissed because it fails to put each defendant on notice of the claim or claims being asserted against him/her.  Plaintiff does not allege his specific claims against any specific defendant.  Rather, he generally alleges all claims against 'all defendants,' without identifying which defendant is responsible for his alleged injuries.  This is an impermissible attempt to sweep all four defendants into the lawsuit without making specific allegations as to any").

1  the same underlying facts apply to each defendant. *See PLS-Pacific*, 2007 WL

2  2022020 at *10-11.

3     A complaint that hardly references a particular defendant and charges all

4  defendants collectively of wrongdoing is inadequate. *See, e.g. Cataulin*, 2009 WL

5  648921 at *2 (complaint did not satisfy Rule 8(a) where it failed to demonstrate

6  "any wrongs by particular defendants, but rather ascribe[d] nearly all allegations

7  collectively to 'Defendants'" and where moving defendants were not mentioned at

8  all in the complaint, outside of the section identifying the parties); *Augustin v.*

9  *Danvers Bank*, 486 F.Supp.2d 99, 101-02 (D. Mass. 2007) (complaint failed to

10  satisfy Rule 8(a) where there were no "specific allegations pertaining" to the

11  defendant and where the defendant was only listed in the caption and under a list of

12  defendants to whom a particular claim applied).

13     The Individual Defendants are barely mentioned in the complaint, and

14  certain of them are alleged to have done nothing more than attend meetings. (*See,*

15  *e.g.*, Compl. ¶¶106, 109.)   Furthermore, the complaint's charging allegations

16  accuse all Defendants collectively of wrongdoing, but fail to articulate the basis of

17  any Individual Defendant's liability for any of the claims.   The Individual

18  Defendants are left to guess as to which conduct they must defend against. Each of

19  Plaintiffs' remaining claims asserted against the Individual Defendants' should be

20  dismissed.[5]

21  _____

22  [5] Plaintiffs also cannot maintain their remaining tort claims against the Individual
    Defendants to the extent Plaintiffs premise them upon any contractual obligations
23  arising from the franchise agreement.   Such claims would be barred under
    Colorado's economic-loss rule, which would apply as the franchise agreement
24  contains a Colorado choice of law provision. (Ex A to Compl. § 29.01.) Under the
    rule, "a party suffering only economic loss from the breach of an express or
25  implied contractual duty may not assert a tort claim for such a breach absent an
    independent contractual duty of care under tort law." *Town of Alma v. AZCO Constr., Inc.*, 10
26  P.3d 1256, 1264 (Colo. 2000). For a duty to be "independent" it must arise from a
    source other than the contract. *Id* . at 1263. A duty is not independent if also
27  imposed by the contract. *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 74 (Colo.
    2004); *Grynberg v. Agri Tech, Inc.*, 10 P.3d 1267, 1270 (Colo. 2000). Even where
28  a duty would have been imposed in the absence of a contract, the duty cannot be
    independent of a contract that memorializes it. *BRW*, 99 P.3d at 74. The claim
    could also not be maintained under California law. *See, e.g., Aas v. Sup. Ct.* (2000)

6

### C.   Plaintiffs' Fraud Claim Should Be Dismissed

In addition to being improperly pled as discussed above, Plaintiffs' fifth claim for fraud claim should be dismissed because the claim is not pled with particularity under Federal Rule of Civil Procedure 9(b), nor have Plaintiffs alleged facts from which an inference of *scienter* can be inferred.  Additionally, to the extent plaintiff Michael Sullivan seeks to assert claims against defendant Roquet, his claims are time-barred and precluded by the parol evidence rule.

### 1.   Plaintiffs' Fail To Plead Adequately Under Rule 9(b)

Federal Rule 9(b) requires that "[i]n alleging fraud…, a party must state with particularity the circumstances constituting fraud."   Fed. R. Civ. Pro. 9(b). Whether direct misrepresentation, promissory fraud, or fraud by omission, a fraud claim pled in federal court must satisfy Rule 9(b).  *See, e.g., Yourish v. California Amplifier*, 191 F.3d 893, 994-995 (9th Cir. 1999); *Rasidescu v. Midland Credit Management, Inc.*, 435 F.Supp.2d 1090, 1095 (S.D. Cal. 2006); *Washington v. Baenzinger*, 673 F.Supp. 1478, 1482 (N.D. Cal. 1987).  Further, a plaintiff must plead facts explaining why a statement was false when it was made.  *Smith v. Allstate Ins. Co.*, 160 F.Supp.2d 1150, 1152 (S.D. Cal. 2001); *see also Miscellaneous Serv. Workers, Drivers, & Helpers, Teamsters Local #427 v. Philco-Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981).  This compels a plaintiff to plead specific, concrete facts demonstrating contemporaneous falsehood; the plaintiff may not "simply point to a defendant's statement, noting that the content of the statement conflicts with the current state of affairs, and then conclude that the statement in question was false when made."  *Smith*, 160 F. Supp. 2d at 1152

Here, Plaintiffs have failed to plead in conformity with Rule 9(b).  At a minimum, Plaintiffs must state "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."

---

24 Cal.4th 627, 643 ("A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations").

7

1   *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).  In other
2   words, "the who, what, when, where, and how of the misconduct charged." *Vess*,
3   317 F.3d at 1106 (citation omitted).

4         Fundamentally, Plaintiffs' pleading is deficient as they do not differentiate
5   among the various Defendants.  (Compl. ¶¶186-89 (making fraud allegations
6   against "defendants" collectively).)  "Rule 9(b) does not allow a complaint to
7   merely lump multiple defendants together but requires Plaintiffs to differentiate
8   their allegations when suing more than one defendant and inform each defendant
9   separately of the allegations surrounding his alleged participation in the fraud."
10  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (citation, alterations,
11  and internal quotes omitted); *McFarland v. Memorex Corp.*, 493 F.Supp. 631, 639
12  (N.D. Cal. 1980) (a complaint "may not rely upon blanket references to acts or
13  omissions by all of the 'defendants,' for each defendant named in the complaint is
14  entitled to be apprised of the circumstances surrounding the fraudulent conduct
15  with which he individually stands charged").

16        Plaintiffs also fail to identify the actual misrepresentations they sue under.
17  They make charges of "numerous misrepresentations" and concealments (Compl.
18  ¶187), but do not specify them.   They fail to identify who made the
19  misrepresentations or who had a duty to disclose, but concealed relevant
20  information.  Plaintiffs also do not allege who was exposed to the alleged fraud; or
21  the time, place, and manner of the alleged fraud.  Further, they do not allege any
22  representation was false at the time it was made.

23        Plaintiffs' allegations concerning alleged BFF franchise program
24  misrepresentations made to plaintiffs Sullivan and MDS Enterprises are likewise
25  inadequate.  Plaintiffs do not identify the specific misrepresentations made or who
26  made them. (Compl. ¶¶119, 186.)  Plaintiffs fail to provide any of the other details
27  concerning the alleged fraud.  (*Id.*)  And they fail to plead facts showing the
28  alleged representations were false when made.

8

Although Plaintiffs allege defendant Roquet made certain representations to plaintiff Michael Sullivan (Compl. ¶113), which are the only alleged representations attributed to any of the Individual Defendants, Sullivan is not suing on those representations. The complaint only claims Sullivan was defrauded with respect to alleged BFF franchise misrepresentations. (Compl. ¶186.) There is no allegation that Roquet made any representations about the BFF program to Sullivan. Regardless, even if Sullivan based his claim on Roquet's alleged representations, his claim is time-barred and fails under the parol evidence rule, as discussed below.

### 2.   Plaintiffs Fail To Properly Allege *Scienter* Under Rule 8(a)

Plaintiffs' fraud claim also fails because they do not adequately allege the Individual Defendants' *scienter*.

Although Rule 9(b) allows conditions of a person's mind to be alleged generally, "nothing in the Federal Rules of Civil Procedure relieves a plaintiff of the obligation to set forth facts from which an inference of scienter could be drawn." *Oestreicher v. Alienware Corp.*, 544 F.Supp.2d 964, 968 (N.D. Cal. 2008) (citing *Cooper v. Pickett*, 137 F.3d 616, 628 (9th Cir.1997)). In *Iqbal*, the Supreme Court affirmed that in pleading a state of mind, the plaintiff is required to allege facts showing a plausible inference for such mental state:

> Rule 9 merely excuses a party from pleading [state of mind] under an elevated pleading standard. It does not give him license to evade the less rigid-though still operative-strictures of Rule 8. And Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label "general allegation," and expect his complaint to survive a motion to dismiss.

*Iqbal*, 129 S.Ct. at 1954 (alterations and internal citations omitted).

Thus, dismissal of a fraud claim is warranted where no facts are alleged that support the inference of knowledge or intent. For example, in *Iqbal*, the Court found conclusory allegations of mental state to be inadequate. *Iqbal* considered if the plaintiff adequately pled discriminatory purpose in his *Bivens* claim related to

9

1   alleged abusive and discriminatory treatment at a prison.  The plaintiff pled the

2   element by stating defendants "'knew of, condoned, and willfully and maliciously

3   agreed to subject [him]' to harsh conditions of confinement [] 'solely on account of

4   [his] religion, race, and/or national origin.'"  *Iqbal*, 129 S.Ct. at 1951, 1954.  The

5   Court rejected the allegation, finding it was a conclusion not entitled to a

6   presumption of truth.  *Id.* at 1954.  *See also Swartz*, 476 F.3d at 765; *Neubronner v.*

7   *Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

8        Here, with respect to Roquet's supposed representations (to the extent

9   plaintiffs Sullivan sues on them), Plaintiffs allege only the conclusion that Roquet

10  "knew these statements to be false."  (Compl. ¶114.)  Plaintiffs do not allege

11  Roquet's fraudulent intent.  And, in any event, their allegation of knowledge of

12  falsity is conclusory and deficient.

13       Otherwise, Plaintiffs make no factual allegation showing the Individual

14  Defendants' *scienter*.  Plaintiffs make allegations against all Defendants

15  collectively, and in that regard only plead the conclusion that Defendants acted

16  knowingly and intentionally.  (Compl. ¶186, ls. 24-25; ¶187, ls. 18-20.)  Such

17  conclusory allegations, even if they could be attributed to each Individual

18  Defendant, are not assumed to be true.  *Iqbal*, 129 S.Ct. at 1950.  Plaintiffs have

19  failed to plead any facts showing Roquet's or any other Individual Defendant's

20  *scienter*.

### 3.   Under The Agent Immunity Rule The Individual Defendants Cannot Be Liable For Conspiring To Commit Fraud With Their Employer

23       Under the agent immunity rule, the Individual Defendants cannot be held

24  liable for conspiring with their corporate principal or employer to commit fraud.

25  *Rachford v. Air Line Pilots Association*, 2006 WL 1699578, *6 (N.D. Cal. June 16,

26  2007); *see also Icasiano v. Allstate Ins. Co.*, 103 F. Supp.2d 1187, 1192 (N.D. Cal.

27  2000).  There is no liability for individual employees who do not create corporate

28  policy.  *Black v. Bank of America*, 30 Cal.App.4th 1, 6 n. 4 (1995).  There are no

10

Case 2:10-cv-00454-SVW-SS   Document 9   Filed 01/28/10   Page 22 of 33   Page ID #:737

allegations that the Individual Defendants created corporate policy with respect to the alleged rebates. Nor are there any grounds to assert such an allegation.

Thus, to the extent Plaintiffs contend the Individual Defendants conspired with the corporate defendants (as is suggested by Plaintiffs' complaint, *see, e.g.,* Compl. ¶¶32-35), to commit fraud, or any other tort or statutory violation, the Individual Defendants are immune from liability.[6]

### 4. Sullivan's Fraud Claim Against Roquet Would Be Time-Barred

In the event plaintiff Sullivan claims fraud based upon the alleged representations made by Roquet, Sullivan's claim would be time-barred. The alleged representations concerned future profit margins and a marketing and support program. (Compl. ¶¶113.) The complaint vaguely claims that Sullivan was told Big O would "net between 9 to 10 percent after paying the owner a working manager's salary." (*Id.*) It further claims that Roquet misrepresented that "Big O's Northern California Trust [] was an organization designed to assist franchisees in the areas of store marketing and accounting, that all franchisees' marketing needs would be met by the trust, and that all franchisees' received the same amount and quality of marketing support." (*Id.*)

---

[6] Plaintiffs also cannot rely upon their conclusory statement that the Individual Defendants acted for their own individual financial benefit (Compl. ¶29) to overcome the agent immunity rule, assuming for the sake of argument such allegations pass muster under *Twombly* and *Iqbal*. "Every agent, in one way or another, acts for its own financial advantage when it acts for its principal, and conduct in furtherance of the principal's interest will necessarily serve the agent's interests as well." *Mintz v. Blue Cross of California,* 172 Cal.App.4th 1594, 1606 (2009). Cases therefore interpret "financial advantage" to mean "a personal advantage or gain that is over and above ordinary professional fees earned as compensation for performance of the agency." *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.,* 131 Cal.App.4th 802, 834 (2005) (emphasis added). It is not enough to show that the Individual Defendants received a bonus or commission for their work. *Hanni v. Am. Airlines, Inc.,* 2008 WL 5000237, *4 (N.D. Cal. Nov. 1, 2008) ("[B]onuses are not independent pecuniary gain because they are part of the compensation earned by employees . . ."). Plaintiffs have failed to sufficiently allege or establish that the Individual Defendants received any personal financial advantage from their alleged conduct. In fact, their pleading is entirely inconsistent as they allege that the Individual Defendants were acting for the financial advantage of their employer and were "acting within the course, scope and authority of said [employment] positions." (Compl. ¶¶29, 33.)

11

LA1 6924220.10 / 68780-000002

1    Plaintiffs allege, however, that Roquet made these representations to
2    Sullivan at some unspecified time before *May 2001*, when Sullivan executed an
3    agreement to run a franchise in Oakhurst, California.  (Compl. ¶¶112, 113.) This
4    was nine years ago.  The statute of limitations for a claim of fraud is three years.
5    Cal. Code of Civ. Pro. § 338(d).  Surely, Sullivan knew, or should have known, by
6    December 2006, three years before the complaint was filed, whether the alleged
7    profit margins had been realized or marketing and other assistance had been
8    provided.

### 5.    Sullivan's Fraud Claim Against Roquet Would Fail Under The Parol Evidence Rule

10    Additionally, any fraud claim premised on Roquet's representations fails
11   under the parol evidence rule.

12    California Civil Code section 1625 provides "[t]he execution of a contract in
13   writing, whether the law requires it to be written or not, supersedes all the
14   negotiations or stipulations concerning its matter which preceded or accompanied
15   the execution of the instrument."  And here, the franchise agreement contains an
16   integration clause, that explicitly supersedes "any oral or written representations
17   which are inconsistent with the terms of [the agreement  or offering circular]."  (*Id.*
18   at § 31(g).)

19    Under the parol evidence rule, California Code Civil Procedure section
20   1856(a), "[t]erms set forth in a writing intended by the parties as a final expression
21   of their agreement with respect to such terms as are included therein may not be
22   contradicted by evidence or any prior agreement or of a contemporaneous oral
23   agreement."   The parol evidence rule "prohibits the introduction of evidence
24   outside of the four corners of the written agreement to vary, alter or add to the
25   terms of an integrated written instrument."  *Alling v. Universal Manufacturing*
26   *Corp.*, 5 Cal.App.4th 1412, 1433 (1992).  The rule recognizes that, as a matter of
27   law, the writing is the entire agreement of the parties and "supersedes all the
28   negotiations or stipulations concerning its matter which preceded or accompanied

12

1   the execution of the instrument." *BMW of North America, Inc. v. New Motor*
2   *Vehicle Board*, 162 Cal.App.3d 980, 990, n. 4 (1984); s*ee Tahoe National Bank v.*
3   *Phillips*, 4 Cal.3d 11, 23   (1971) (evidence of prior or contemporaneous
4   negotiations or agreements which are at variance with the written agreement
5   cannot create new obligations or alter the obligations set forth in the written
6   agreement).

7        The rule applies even to allegations of fraud.   "[O]ur courts have
8   consistently rejected promissory fraud claims premised on prior or
9   contemporaneous statements at variance with the terms of a written integrated
10   agreement." *Casa Herrera, Inc. v. Beydoun*, 32 Cal.4th 336, 346 (2004). "[T]he
11   use of promissory fraud to invalidate an integrated agreement would nullify the
12   parol evidence rule." *Pacific State Bank v. Greene*, 110 Cal.App.4th 375, 390
13   (2003).   The parol evidence rule bars a plaintiff from attempting to show a false
14   promise with respect to a matter covered by the main agreement where the alleged
15   promise contradicts the terms of the agreement.   *See, e.g., Wang v. Massey*
16   *Chevrolet*, 97 Cal.App.4th 856, 875, 876  (2002) (in action by automobile lessees
17   against lessor, alleging that defendant falsely represented that plaintiffs could
18   purchase vehicle soon after lease began and without penalty by paying specified
19   sum, parol evidence to that effect was inadmissible, where it was directly at
20   variance with terms of lease); *Green v. Del-Camp Inv.* 193 Cal.App.2d 479, 482
21   (1961) ("Where, as here, the claimed fraud consists of a false promise with respect
22   to a matter covered by the agreement itself, the oral evidence would contradict the
23   terms of the agreement, in direct contravention of the rule").

24        Under the parol evidence rule, Sullivan would be unable to state a claim for
25   fraud upon representations directly contradicted by the terms of the agreement.
26   Thus, any claim for fraud based on representations of alleged future profits cannot
27   be maintained because it would contradict the express terms of the franchise
28   agreement.  In particular, the express disclaimers of the making of "any warranty

13

1   or guaranty, express of implied, … as to the potential volume, profit, income or
2   success of the Franchised Business." (Ex. A to Compl. at § 31(c); *see also* Ex. B
3   to Compl. p. 78 ("**BIG O DOES NOT GUARANTEE THE SUCCESS OR**
4   **PROFITABILITY OF YOUR STORE IN ANY MANNER**"); *id*. at p. 87 (Big
5   O does "not furnish or authorize our salespersons to furnish to prospective
6   franchisees in connection with the offer of franchises any oral, written, or visual
7   representation from which a specific level or range of actual or potential sales,
8   income, gross profits, or net profits of a Big O store or franchise, may be
9   ascertained").)

10   Any claim based on alleged representations related to the marketing program
11   is also contradicted by the terms of the franchise agreement. Under the agreement,
12   there was no obligation to ensure any franchisee benefits from the sums
13   contributed for advertising. (*Id*. at §15.03(b).) And there was "no obligation to…
14   enforce payments or contributions (in whole or in part) by other franchisees." (*Id*.)

15   Furthermore, given the integration clause and the specific disclaimers,
16   Sullivan, nor any other plaintiff, could not have reasonably relied on any contrary
17   oral representation. It is well settled that a plaintiff is bound by clear and
18   conspicuous provisions, even if he or she "did not read or understand them." *See,*
19   *e.g., Hadland v. NN Investors Life Ins. Co., Inc.*, 24 Cal.App.4th 1578, 1586
20   (1994); *see also Aetna Casualty & Surety Co. v. Richmond*, 76 Cal.App.3d 645,
21   652 (1977). Plaintiffs cannot justifiably rely on prior oral statements contrary to
22   the written contract. *Hackenthal v. National Casualty Co.*, 189 Cal.App.3d 1102
23   (1987) (no justifiable reliance in fraud claim based on alleged misrepresentations
24   by insurance agent regarding policy, where plaintiff was on notice to read policy).

25   **D.    Plaintiffs' Negligent Misrepresentation Claim Should Be**
       **Dismissed**

26   Plaintiffs' sixth claim for negligent misrepresentation should be dismissed
27   because Plaintiffs fail to plead the claim properly; omit any allegation concerning
28   Defendants' intent; and premise the claim on non-actionable conduct.

14

### 1. Plaintiffs Fail To Properly Plead The Claim

Plaintiffs' negligent misrepresentation allegations exemplify the pleading tactic condemned by the Supreme Court in *Twombly* and *Iqbal*. The pleading is nothing more than a "formulaic recitation of the elements of a cause of action" without any supporting facts. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 557). Plaintiffs do not identify what misrepresentations they sue upon. (Compl. ¶191.) They simply conclude Defendants made the unspecified representations "without regard to their truth." (*Id.*) They similarly plead their reliance, causation, and damages in conclusory fashion. (Compl. ¶¶192-96.)

### 2. Plaintiffs Fail To Plead Intent To Induce Reliance

Plaintiffs' negligent misrepresentation claim is also deficient because Plaintiffs failed to allege any Individual Defendants' intent to induce Plaintiffs' reliance on the alleged misrepresentations. (Compl. ¶¶190-96.) The element is required. Jud. Coun. Of Cal. Civ. Jury Instr. 1903.

### 3. Plaintiffs Cannot Premise Negligent Misrepresentation On Omissions Or Future Promises

Plaintiffs contend Defendants negligently omitted material facts. (Compl. ¶191.) Plaintiffs cannot state a claim for negligent misrepresentation on such a theory because there is no such claim for negligent omission. *See, e.g., Byrum v. Brand*, 219 Cal.App.3d 926, 942 (1990) *Shamsian v. Atlantic Richfield Co.*, 107 Cal.App.4th 967, 983-84 (2003). Further, to the extent Plaintiffs base their claim on alleged misrepresentations of future events or promises, they cannot do so because the tort requires that the representations concern *past* or *existing* facts. *Shamsian*, 107 Cal.App.4th at 983; *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157, 159 (1991).

### E. Plaintiffs' Unfair Practices Act Claim Should Be Dismissed

Plaintiffs' seventh claim for violation of the UPA should be dismissed because the claim as asserted against the Individual Defendants is implausible, and Plaintiffs have not competently alleged a required element of the claim.

15

LA1 6924220.10 / 68780-000002

### 1.   Plaintiffs' Claim Is Implausible

Plaintiffs' UPA claim concerns alleged secret rebates to certain large franchises, but the only factual allegation related to the charge concerns alleged rebates to certain Northern California franchises. (Comp. ¶115.) Plaintiffs allege no facts stating that the Individual Defendants personally gave any rebates to the large franchises, or had any ability to effectuate such rebates.   The rebates, assuming for the sake of argument they were given, reflect corporate policy.  It is implausible that the Individual Defendants are the parties giving any rebates to the large franchises.

Moreover, under the agent immunity rule, the Individual Defendants cannot be held liable for conspiring with their corporate principal or employer to give rebates. *Rachford*, 2006 WL 1699578 at *6; *Icasiano*, 103 F. Supp.2d at 1192.

### 2.   Plaintiffs Fail To Plead An Element Of Their Claim

Even if Plaintiffs' failure to plead in conformity with Rule 8(a) could be overlooked, Plaintiffs' UPA claim should be dismissed as they have not pled a required element of the claim.   Plaintiffs premise their claim on California Business & Professions Code section 17045, which prohibits the secret payment of rebates to certain purchasers but not to all purchasers "purchasing upon like terms and conditions."  Cal. Bus. & Prof. Code § 17045.

Plaintiffs, however, do not competently plead they purchase on "like terms and conditions" as the larger franchises allegedly receiving the rebates.  Plaintiff only allege, on information and belief, that the larger franchises all purchase on like terms and conditions as each other.  (Compl. ¶213.)  Regardless, Plaintiffs' complaint shows that the various Big O franchises are not similarly situated. Under the two-tiered franchise system Plaintiffs allege Big O uses, certain franchises pay a higher percent franchise fee than others, but receive tires at a cheaper price. (Compl. ¶¶39-40.)  Thus, franchises under the two systems do not purchase Big O products on "like terms and conditions."  Given the presence of the

16

two-tiered system, Plaintiffs fail to allege facts showing that rebates were given to franchises that purchase on the same terms and conditions as Plaintiffs.

**F.    Plaintiffs' Claim For Negligent Hiring Should Be Dismissed**

Plaintiffs' eighth claim for negligent hiring should be dismissed.   As a matter of law it cannot be asserted against the Individual Defendants and is improperly pled under Federal Rule 8(a).

**1.    The Individual Defendants Are Not Employers**

Only an employer may be held liable for negligent hiring.   *Cabral v. County of Glenn*, 624 F.Supp.2d 1184, 1196 (E.D. Cal. 2009) ("In California, an employer can be held liable for negligent hiring if…").   Here, Plaintiffs do not allege that the Individual Defendants are "employers."   On the contrary, the Individual Defendants are alleged to be employees of the corporate defendants.   (Compl. ¶29.)

**2.    Plaintiffs Fail To Properly Plead Their Claim**

Like the rest of Plaintiffs' claims, their negligent hiring claim is inadequately pled as Plaintiffs state nothing more than a rote recitation of the elements of the cause of action.   *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 557).   Plaintiffs also do not allege facts from which Defendants' knowledge that any employee lacked fitness could be inferred.   Knowledge is an element of the claim for negligent hiring.   *Cabral*, 624 F.Supp.2d at 1196. Plaintiffs' failure to plead supporting facts further dooms their claim.   *See*, *e.g.*, *Iqbal*, 129 S.Ct. at 1954.

**G.    Plaintiffs' Cartwright Act Claim Should Be Dismissed**

Plaintiffs' ninth claim for violation of the Cartwright Act should be dismissed, because Defendants could not have formed a trust under the Act, and the Individual Defendants cannot be liable under the agent immunity rule for conspiring with their employer.

**1.    Defendants Cannot Form A "Trust" Under The Cartwright Act As A Matter Of Law**

The Cartwright Act makes unlawful a "trust," defined as a combination of capital, skill, or acts by two or more persons, firms, partnerships, corporations, or

17

LA1 6924220.10 / 68780-000002

associations of persons to restrict trade, limit production, increase or fix prices, or prevent competition.  Cal. Bus. & Prof. Code §§ 16702, 16720, 16726.

Plaintiffs do not plead the existence of a cognizable "trust" under the Cartwright Act.  Plaintiffs premise their claim on the formation of a "trust" among each defendant, which comprise affiliated companies or employees of those companies. (Compl. ¶¶26-29.)

Under the Act, however, only individuals or entities maintaining separate and independent interests can form a trust. *Bondi v. Jewels by Edwar, Ltd.*, 267 Cal.App.2d 672, 678 (1968)  (the Cartwright Act "contemplates concert of action by separate individuals or entities maintaining separate and independent interests").  A complaint alleging a trust among employees and their employer does not state a claim under the Act.  *Id.* at 677-78 (allegations that defendant corporation entered into a combination with its employees stated no cause of action under the Cartwright Act).  Further, the Individual Defendants cannot be held liable under the agent immunity rule for conspiring with the corporate defendants. *Rachford*, 2006 WL 1699578 at *6; *Icasiano*, 103 F. Supp.2d at 1192.

### H.    Plaintiffs' Unfair Competition Law Claim Should Be Dismissed

Plaintiffs' tenth claim for violation of the UCL should be dismissed because Plaintiffs lack standing to maintain the claim and improperly plead the claim.

### 1.    Plaintiffs Lack Standing To Bring Their UCL Claim

To have standing to assert a UCL claim, a plaintiff must "ha[ve] suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition."  Bus. & Pro. Code § 17204; *Consumer Advocacy Group, Inc. v. Kintetsu Enterprises of America*, 150 Cal.App.4th 953 (2007).  The loss of money or property required for UCL standing must be money or property that can be subject to an order of restitution under section 17203 of the UCL.  *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798, 817 (2007); *Walker v. USAA Cas. Ins. Co.*, 474 F.Supp.2d 1168, 1172 (E.D. Cal. 2007).

Plaintiffs have not included competent allegations of their loss of money or

18

1   property that could be subject to an order of restitution against any of the

2   Individual Defendants. Indeed, Plaintiffs offer no facts supporting their standing.

3   Plaintiffs simply plead verbatim the statutory language requiring standing.

4   (Compl. ¶234.) Under *Twombly* and *Iqbal* such an allegation is insufficient.

5        Further, the complaint does not otherwise allege facts or articulate any

6   theory for Plaintiffs' entitlement to restitution from the Individual Defendants. In

7   particular, Plaintiffs make no allegation that they parted with any money of

8   property to any of the Individual Defendants that the Individual Defendants can be

9   ordered to restore to Plaintiffs. The only alleged sums given by Plaintiffs were

10   fees under the franchise agreement Plaintiffs have with Big O. Assuming for the

11   sake of argument that such money could properly be subject to restitution,

12   Plaintiffs did not give the money to the Individual Defendants. Thus, the

13   Individual Defendants cannot be ordered to return it to Plaintiffs.

### 2. Plaintiffs Improperly Plead Their UCL Claim

14

15        Plaintiffs again fail to differentiate among Defendants in pleading their UCL

16   claim. They improperly lump all Defendants together in violation of Rule 8(a).

17   *See, e.g., Levine v. Diamanthuset, Inc.*, 722 F.Supp. 579, 590 (N.D. Cal. 1990)

18   (dismissing UCL claim where the plaintiffs "lump all the defendants together" and

19   "pile up unnecessary and perhaps inapplicable claims") *rev'd on other grounds by*

20   950 F.2d 1478 (9th. Cir. 1991). This failure is symptomatic of Plaintiffs' general

21   failure to plead the claim with detail. A plaintiff must plead with particularity the

22   facts supporting a UCL claim. *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983

23   F.Supp. 1303, 1316 (N.D. Cal. 1997) (citing *Khoury v. Maly's of California*, 14

24   Cal.App.4th 612, 619 (1993)).

25        Here, Plaintiffs rely on conclusions of wrongdoing, but include no factual

26   details. For example, Plaintiffs accuse Defendants of fraudulent conduct but

27   provide no details, such as who made any alleged misrepresentation, to whom they

28   were made, or when they were made. (Compl. ¶¶240-41.)

19

Plaintiffs claim Defendants acted unlawfully but do not identify any statutes or regulations that Defendants' purportedly violated. (*Id.* ¶¶236-37.) Further, to the extent Plaintiffs base their UCL claim on other claims asserted by Plaintiffs, the failure of those other claims extinguishes their UCL claim. *See, e.g., Silicon Knights,* 983 F.Supp. at 1316 ("Since most of Plaintiff's causes of action fail to state claims for relief… there is no underlying basis for the unfair competition claims"); *Aguilar v. Atlantic Richfield Co.*, 25 Cal.4th 826, 866 (2001) (UCL claim properly dismissed because plaintiff failed to show existence of conspiracy, which was element of underlying antitrust claim upon which UCL claim was based).

Plaintiffs also allege Defendants acted "unfairly by not ensuring that franchisees contribute to the advertising fund for the collective good of franchisees." (Compl. ¶239.) Initially, Plaintiffs make no allegation that the Individual Defendants had any obligation or ability to ensure franchisees contributed to any advertising fund. Thus, the UCL claim against the Individual Defendants cannot be based on such conduct. Regardless, the franchise agreement provides that "Big O has *no obligation to Franchisee* to enforce payments or contributions (in whole or in part) by other franchisees." (Ex. A to Compl. § 15.03(b) (emphasis added)).

The Plaintiffs further allege Defendants acted unfairly "by not providing competitively priced tires to Plaintiffs, while providing tires to others at lower prices." (Compl. ¶238.) Again, Plaintiffs make no allegation that the Individual Defendants had any obligation to provide tires to Plaintiffs, and thus cannot base their claim against the Individual Defendants upon such an obligation. The obligation to provide tires to Plaintiffs rested with Big O. Those parties agreed that Big O had no obligation to provide tires at prices on par with prices it provided to other franchises. The franchise agreement disclosed the unequal pricing scheme for Big O's two franchise models and Plaintiffs freely chose to purchase its franchise with knowledge of that condition. (Ex. A to Compl. § 32(h).)

"An 'unfair' business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Spiegler v. Home Depot U.S.A., Inc.*, 552 F. Supp. 2d 1036, 1045 (C.D. Cal. 2008). "Although the unfair competition law is sweeping, it is not unlimited. Courts may not simply impose their own notions of the day as to what is fair or unfair." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 182 (1999). Alleged conduct by Big O that it consistent with what Plaintiffs agreed to is not in violation of public policy, or immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. *See, e.g.,  Spiegler*, 552 F. Supp. 2d at 1046 ("UCL cannot be used to rewrite… contracts or to determine whether the terms of… contracts are fair).

Regardless, Plaintiffs' allegations under the unfairness prong of the UCL merely re-state Plaintiffs' contractual grievances. This cannot form the basis for a UCL claim, particularly where the Individual Defendants are not parties to the contracts and have no contractual obligations to Plaintiffs. *Berryman v. Merit Property Management, Inc.*, 152 Cal.App.4th 1544, 1555 (2007) ("plaintiffs cannot bootstrap a claim for breach of contract-which, [] they are not allowed to bring-onto a UCL claim"). Further, as Plaintiffs' breach of contract claim should be dismissed, so should its UCL claims predicated on the contracts. *Van Ness v. Blue Cross of Cal.*, 87 Cal.App.4th 364, 376 (2001); *Whiteside v. Tenet Healthcare Corp.*, 101 Cal.App.4th 693, 706 (2002).

Finally, Plaintiffs fail to plead their lack of adequate legal remedies. "A UCL action is equitable in nature." *Korea Suppl.*, 29 Cal.4th at 1144. The remedies available under the UCL – restitution and injunctive relief – are equitable. *See, e.g., Dean Witter Reynolds, Inc. v. Sup. Ct.*, 211 Cal.App.3d 758, 774 (1989); 5 Witkin, CAL. PROC. 4TH (2009) PLEAD., § 822. A party cannot maintain equitable claims if there is an adequate remedy at law. *See, e.g.*, 13 Witkin, SUMMARY 10TH (2009) EQUITY, § 3. Thus, an essential element of the

21

1   claim that must be pled is that the "plaintiff has no adequate remedy at law".

2   *Heighley v. J.C. Penney Life Ins. Co.*, 257 F.Supp.2d 1241, 1259-60 (C.D. Cal.

3   2003) (finding plaintiff "failed to properly allege claims for relief under" the UCL

4   where plaintiff failed to plead he had no adequate remedy at law).  Here, Plaintiffs

5   do not allege they lack adequate legal remedies.

6   **V.     CONCLUSION**

7        The Individual Defendants respectfully request that the Court grant their

8   motion to dismiss.

9   DATED:  January 28, 2010              Respectfully submitted,
                                          **SEYFARTH SHAW LLP**
10                                        ERIC R. MCDONOUGH

11                                        By_____/s/ Eric R. McDonough_____
12                                              Eric R. McDonough
                                          Attorneys for all Defendants
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22